IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Matthew Perkins, | Civil Action No. 3:16-172-TLW |
| Plaintiff, | |
| v. | **ORDER** |
| International Paper Company, | |
| Defendant. | |

Plaintiff Matthew Perkins initially filed this action in the Richland County Court of Common Pleas. ECF No. 1. Defendant International Paper Company removed the case to this Court on January 19, 2016. *Id*. On March 3, 2017, Defendant filed a motion for summary judgment. ECF No. 57. Plaintiff filed a response in opposition on April 19, 2017, ECF No. 63, and additional attachments to his response on April 19, 2017, and April 21, 2017, ECF Nos. 65–82. Defendant filed a reply on April 28, 2017. ECF No. 85.

This matter is before the Court for review of the Report and Recommendation (the Report) filed by United States Magistrate Judge Jacquelyn D. Austin, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), (D.S.C.). ECF No. 86. In the Report, the Magistrate Judge recommends that this Court grant Defendant's motion for summary judgment and that Plaintiff's complaint be dismissed. *Id*. Plaintiff filed objections to the Report and Defendant filed a reply. ECF Nos. 91, 92. This matter is now ripe for disposition.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified finding or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo*

1

or any other standard, the factual or legal conclusion of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court closely reviewed, *de novo*, the Report, Plaintiff's objections to the Report, Defendant's reply in support of the Report, the relevant law, and the extensive record in this case. The Court reviewed a number of cases that it concludes controls in considering and reviewing the Report including: (i) *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008) ("[P]laintiffs must clear a high bar in order to satisfy the severe or pervasive test . . . . [C]omplaints premised on . . . rude treatment by coworkers, callous behavior by supervisors, or a routine difference of opinion and personality conflict with one's supervisor are not actionable." (citations and quotations omitted)); (ii) *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 184 (4th Cir. 2001) ("To be actionable, the conduct must create an objectively hostile or abusive work environment, and the victim must also perceive the environment to be abusive."); (iii) *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 191 (4th Cir. 2004) ("Like his constructive discharge claim, Honor's hostile work environment claim fails because it is based on professional frustrations, not personal racial attacks."); and (iv) *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998) ("When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated.").

The Court notes that it is appropriate to accept the Report analyzing, *inter alia*, Plaintiff's hostile work environment claim and recommending summary judgment because the raced based

and severe or pervasive elements were not satisfied in this case based on the evidence presented. Further, Plaintiff's objections to the Report did not overcome the Magistrate Judge's analysis which cites to the facts and evidence of record, and the relevant case law.

After careful consideration, the Court finds that Defendant's motion for summary judgment should be granted.[1]  Accordingly, it is hereby **ORDERED** that Plaintiff's objections, ECF No. 91, are **OVERRULED**, and the Report, ECF No. 86, is **ACCEPTED**.  For the reasons articulated by the Magistrate Judge, Defendant's motion for summary judgment, ECF No. 57, is **GRANTED** and Plaintiff's Complaint, ECF No. 1, is hereby **DISMISSED**.

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>
Chief United States District Judge

April 4, 2018
Columbia, South Carolina

---

[1] The Court notes that a second case against the same Defendant, involving similar and overlapping evidence and allegations, was assigned to another District Judge in the same division as the case discussed in this Order.  Notably, the District Judge in the second case also granted Defendant's motion for summary judgment.  *Evans v. International Paper Company*, No. 3:16-cv-01215-JMC. While the case discussed in this Order was evaluated independently of the *Evans* case, it is appropriate to note the decision in the *Evans* case.